IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE RAYNOR,

Plaintiff,

v. Case No. 26-1235-JWB

NATIONAL BEEF
PACKING PLANT,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Brooks G. Severson's report and recommendation ("R&R") that recommends dismissal of Plaintiff's amended complaint for failure to state a viable federal claim. (Doc. 7.) Plaintiff has filed no objection to the R&R and the time for doing so has now passed. For the reasons stated herein, the court ADOPTS the R&R. The court DISMISSES WITH PREJUDICE the portions of the amended complaint alleging claims under 5 U.S.C. § 3331, 8 U.S.C. § 1324a, 18 U.S.C. § 1546, 29 U.S.C. §§ 185 and 660(c), and the Equal Protection Clause and DISMISSES WITHOUT PREJUDICE the portions alleging claims under 42 U.S.C. § 1981, Title VII, and state law. To the extent that Mr. Raynor alleges a claim under 8 U.S.C. § 1324b, that claim is DISMISSED WITH PREJUDICE.

## I. Facts and Procedural History

Plaintiff Lee Raynor filed his original complaint on August 3, 2026, alleging that Defendant National Beef Packing Plant ("National Beef") violated several state and federal laws, including 29 U.S.C. § 185 (violation of contracts between an employer and a labor organization); 29 U.S.C. § 660(c) (discharge or discrimination against an employee for filing an occupational

safety and health complaint); 42 U.S.C. § 1981 (interference with contract rights); Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a) (employment discrimination); and Kansas law. (Doc. 1.) Mr. Raynor also invoked 8 U.S.C. § 1324a (unlawful employment of aliens) and 18 U.S.C. § 1546 (fraud and misuse of visas, permits, and other documents). (*Id.*) Mr. Raynor's motion to proceed in forma pauperis was granted by the magistrate judge. (Doc. 4.)

The court entered an order to show cause instructing Mr. Raynor either to file an amended complaint curing several deficiencies identified in the original complaint or to show cause why the original complaint should not be dismissed. (Doc. 5.) Mr. Raynor timely filed an amended complaint. (Doc. 6.) In short, he alleges that National Beef terminated his employment after a scuffle with a coworker. (Doc. 6-1 at 2.) Mr. Raynor believes that National Beef retaliated against him for raising his coworker's immigration and work authorization status and imposed unequal discipline between him and the coworker, who was allowed to return to work. (*Id.*)

Magistrate Judge Severson screened Mr. Raynor's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). She recommends that the court dismiss the complaint on the basis that the statutes Mr. Raynor invokes do not authorize the immigration and enforcement claims he seeks to pursue, his allegations do not connect National Beef's private employment decisions to governmental action, and additional facts pleaded in the amended complaint do not plausibly connect Mr. Raynor's alleged discipline to a characteristic protected by Title VII or § 1981. (Doc. 7 at 1.) Magistrate Judge Severson noted that Mr. Raynor may serve and file written objections to these proposed findings and recommendations within fourteen days after service. (*Id.* at 17–18.)

The R&R was sent to Mr. Raynor by certified mail to the address on file with the court on September 10, 2026. (Doc. 7.) The certified mail receipt shows that the R&R was delivered to that address and signed for on September 22, 2026. (Doc. 8.) The court finds that Mr. Raynor

received the R&R and its contents and that he had notice of the potential effect of his failure to file timely written objections. To date, Mr. Raynor has filed no response to the R&R.

## II. Standards

The court must conduct a *de novo* review of those portions of the R&R to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). Because Mr. Raynor has made no objections, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

When a plaintiff proceeds in forma pauperis, the court must dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The failure-to-state-a-claim standard is the same one that governs a motion under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court accepts well pleaded facts as true and draws reasonable inferences in the plaintiff's favor, but the complaint must contain enough factual matter to state a plausible claim. *Id.*; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Because Mr. Raynor proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But that liberal construction does not permit the court to assume the role of advocate or supply facts needed to support a claim. *Id.* The Federal Rules of Civil Procedure still require a short and plain statement of the grounds for jurisdiction and a short and plain statement showing entitlement to relief. Fed. R. Civ. P. 8(a)(1)–(2). A pro se plaintiff may satisfy the latter requirement by explaining what each defendant did, when the defendant did

it, how the conduct harmed the plaintiff, and what specific legal right the plaintiff believes was violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**III. Analysis**

Recall that Mr. Raynor's amended complaint alleges claims under 8 U.S.C. § 1324a, 5 U.S.C. § 3331, the Equal Protection Clause, and Kansas law. (Doc. 6-1 at 1–2.) Moreover, Magistrate Judge Severson interpreted the amended complaint to potentially invoke claims under 8 U.S.C. § 1324b (unfair immigration-related employment practices); 18 U.S.C. § 1546; 29 U.S.C. § 660(c); 42 U.S.C. § 1981; and Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a). (Doc. 7 at 4–5.) Last, Mr. Raynor stated a claim under 29 U.S.C. § 185 in his original complaint but not in his amended complaint. (Doc. 1 at 16; *see generally* Doc. 6.) The court addresses each claim in turn.

First, Mr. Raynor's immigration-enforcement theory under § 1324a fails for several reasons. To the extent that § 1324a is a civil statute, it does not create a private right of action. And to the extent that § 1324a imposes criminal liability for certain violations, a private party generally may not enforce federal criminal statutes through a civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). A private citizen also generally lacks a judicially cognizable interest in whether another person is prosecuted. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And an agency's decision not to enforce the law is presumptively unreviewable. *Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985). All that aside, Mr. Raynor named no federal officer or agency as a defendant and identified no discrete, mandatory agency action owed to him. (Doc. 5 at 9.) Hence, Mr. Raynor has not stated a viable § 1324a claim.

Next, because Mr. Raynor framed his termination as immigration-related retaliation, Magistrate Judge Severson considered whether § 1324b could support that theory. (Doc. 7 at 6.)

She concluded, and the court agrees, that § 1324b does not authorize an original, non-enforcement action in federal district court. In fact, a person asserting an unfair immigration-related employment practice must begin with the statute's administrative process. 8 U.S.C. § 1324b(d). Judicial review of a final administrative order lies in the appropriate court of appeals. *Id.* § 1324b(i). A district court may enforce an administrative order. *Id.* § 1324b(j). But, as noted, the district court cannot entertain an original, non-enforcement action like this one. *See Ravines de Schur v. Easter Seals Goodwill N. Rocky Mountain, Inc.*, No. 22-4055, 2023 WL 4635890, at *3–4 (10th Cir. July 20, 2023). So, if Mr. Raynor intended a § 1324b claim, he cannot pursue it in this action.

From there, the court addresses the new claim under § 3331. (Doc. 6-1 at 5.) Section 3331 requires individuals elected or appointed to an office of honor or profit in the civil service or uniformed services, other than the President, to take an oath to the Constitution. 5 U.S.C. § 3331. Mr. Raynor argues that federal personnel responsible for oversight of National Beef failed to act despite knowledge of unlawful activity, thus violating obligations under § 3331. (Doc. 6-1 at 5.) But "[s]tatutes which require state or federal officials to take oaths of office do not create a private cause of action for acting contrary to the Constitution." *Simon v. Hollis*, No. 97-1164-JTM, 1997 WL 542721, at *6 (D. Kan. Aug. 26, 1997). Moreover, as the magistrate judge notes, § 3331 contains no remedial provision, imposes no duty on National Beef, and cannot support a private claim against National Beef—the only defendant in this action. (Doc. 7 at 8.) So, Mr. Raynor's invocation of § 3331 is not a viable claim either.

Mr. Raynor then alleges violation of the Equal Protection Clause, which is also new to the amended complaint. (Doc. 6-1.) Mr. Raynor asserts that National Beef selectively enforced its disciplinary rules by terminating him while retaining an employee who engaged in violent

misconduct and was previously the subject of work-authorization concerns under § 1324a. (*Id.* at 7–8.) To spare this argument from dismissal, Mr. Raynor would need to allege facts plausibly attributing National Beef's disciplinary decisions to a state or the federal government since National Beef is a private employer. *See Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 & n.3 (10th Cir. 2016). That he does not do. Accordingly, his equal protection claim is not viable.

Before pivoting to Mr. Raynor's Kansas claims, the court addresses several other claims under 18 U.S.C. § 1546; 29 U.S.C. § 185; 29 U.S.C. § 660(c); 42 U.S.C. § 1981; and Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a) that were in Mr. Raynor's original complaint. Construing the amended complaint liberally, Magistrate Judge Severson understood it to "invoke[]" most of those provisions, with the exception of § 185. (Doc. 7 at 1.) The court addresses the magistrate judge's recommendations as to each provision in turn.

The magistrate judge did not construe the amended complaint as attempting to assert a claim under 29 U.S.C. § 185. (*See generally* Doc. 7.) The court agrees. (*See* Doc. 6 at 1–2, 7–13). That claim is therefore abandoned. *See Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed.").

The court also accepts Magistrate Judge Severson's recommendation to dismiss the construed § 1546 claim with prejudice to refiling. As explained in the show-cause order, additional factual allegations cannot create a private cause of action under § 1546. (Doc. 5.) *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (explaining that dismissal with prejudice is appropriate when a complaint fails to state a claim and amendment would be futile).

Last, the court accepts Magistrate Judge Severson's recommendation to dismiss the § 1981 and Title VII claims without prejudice to refiling. As a refresher, Mr. Raynor alleges that his

employer disciplined him differently from his coworker after their scuffle. But, as the show-cause order pointed out, Mr. Raynor provided no allegations plausibly connecting the different disciplinary responses to his citizenship or national origin. (Doc. 5 at 6–7.) Moreover, he still has not done so in his amended complaint. (Doc. 7 at 11.) Dismissing the complaint without prejudice gives Mr. Raynor another chance to cure that deficiency. (Doc. 7 at 11.) *See Nasious*, 492 F.3d at 1162 ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."). That said, if Mr. Raynor submits the § 1981 and Title VII claims again without amending them as necessary, the court will consider dismissing the claims with prejudice. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (noting that the factors for dismissing an action with prejudice include, among other things, "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance" and "the culpability of the litigant") (quoting *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994)).

This leaves Mr. Raynor's Kansas claims. Because the court dismisses every federal claim, the court should decline supplemental jurisdiction over the Kansas claims when the parties are not diverse as in this case. *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (holding that, when federal claims are dismissed before trial, the Court ordinarily should decline jurisdiction over related state claims). The court declines supplemental jurisdiction here and will dismiss the state law claims without prejudice.

## IV. Conclusion

Accordingly, the court ADOPTS the R&R. The court DISMISSES WITH PREJUDICE the portions of the amended complaint alleging claims under 5 U.S.C. § 3331, 8 U.S.C. § 1324a, 18 U.S.C. § 1546, 29 U.S.C. §§ 185 and 660(c), and the Equal Protection Clause and DISMISSES WITHOUT PREJUDICE the portions alleging claims under 42 U.S.C. § 1981, Title VII, and state law. To the extent that Mr. Raynor alleges a claim under 8 U.S.C. § 1324b, that claim is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED. Dated this 22nd day of October, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE